UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GARBER, | ) Case No. CV 10-6694-DDP (RNB) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | ) |
| Respondent. | ) |

On September 24, 2010, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. It appears from the face of the Petition that it is directed to a conviction sustained in Los Angeles County Superior Court on March 14, 2007, for which petitioner was sentenced on March 17, 2007 to a probationary term of five years. It further appears from the face of the Petition that the California Court of Appeal subsequently reduced petitioner's probationary term to three years.

Subject matter jurisdiction over a habeas petition exists only when, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. See Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968); Fowler v. Sacramento County Sheriff's Dep't, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005); see also 28 U.S.C. §§ 2241(c)(3), 2254(a). A habeas petitioner does

not remain "in custody" once the sentence imposed for the conviction has "fully expired." See Maleng, 490 U.S. at 491. However, a petitioner is "in custody" for the purposes of habeas jurisdiction while he remains on probation. See Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005); Fowler, 421 F.3d at 1033 n.5; United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir. 1988).

The burden of establishing subject matter jurisdiction rests with the party seeking to invoke the district court's jurisdiction. See, e.g., Ashoff v. City of Ukiah, 130 F.3d 409, 410 (9th Cir. 1997); Thornhill Pub. Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Johnson v. Washington, 2009 WL 151284, *6 (W.D. Wash. Jan. 20, 2009) (habeas case). Moreover, the absence of subject matter jurisdiction may be raised by a district court sua sponte. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial ¶ 2:18 (2010 rev. ed.).

Here, the Court notes that, if petitioner's three-year probationary term is measured from March 17, 2007, the date of his sentence, petitioner no longer was on probation on September 24, 2010, when he filed the Petition herein. It therefore appears to the Court that the Petition is subject to dismissal for lack of subject matter jurisdiction. See Reiner v. Remington, 217 Fed. Appx. 681, 682 (9th Cir. 2007) (now citable for its persuasive value pursuant to Ninth Circuit Rule 36-3) (affirming district court's dismissal of habeas petition for lack of subject matter jurisdiction where the petitioner's probation expired prior to the filing of the petition).

IT THEREFORE IS ORDERED that, on or before October 22, 2010, petitioner show cause in writing, if any he has, why this action should not be summarily dismissed for lack of subject matter jurisdiction.

DATED: September 30, 2010

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE